IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG STEVENSON,<br><br>            Petitioner,<br><br>   v.<br><br>BEN CURRY, Warden,<br><br>            Respondent.<br>_____ / | No. C 09-0759 MMC<br><br>**ORDER OF SERVICE; DIRECTING RESPONDENT TO FILE RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is petitioner Craig Stevenson's petition for a writ of habeas corpus, filed February 20, 2009, pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

The following facts are taken from the petition and exhibits thereto, and are assumed true for purposes of the instant order.

Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility, Soledad, was convicted of first degree murder (see Pet. at 1:24-25), and, on November 1, 1978, was sentenced to a prison term of seven years to life (see id. at 2:9-10). Petitioner became eligible for parole on February 10, 1985. (See id. at 3:18-19.) Petitioner was considered for parole by the California Board of Prison Terms ("BPT") in 1984, 1986, 1988, 1989, 1990, 1991, 1993, 1995, 1997, 1999, 2002, 2003, and 2004; on each occasion, the BPT denied petitioner's application for parole. (See id. at 3:19-8:8; id.

Exs. B-N.) Petitioner subsequently was considered for parole by the California Board of Parole Hearings ("BPH"); on December 7, 2006, the BPH denied petitioner's application for parole. (See Pet. at 8:11-9:1; id. Ex. A at 161:8-13.) On November 16, 2007, petitioner filed, in the California Superior Court, a petition for a writ of habeas corpus, challenging the BPH's 2006 decision to deny parole. (See Pet. at 10:6-10.) On March 5, 2008, the California Superior Court denied the petition. (See id. at 10:14-15; id. Ex. W.) On April 3, 2008, petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal, and, on May 9, 2008, the Court of Appeal denied the petition. (See Pet. at 11:4-7; id. Ex. X.) On June 6, 2008, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, and, on November 19, 2008, the Supreme Court denied the petition. (See id. at 11:7-10.)

**DISCUSSION**

**A.     Legal Standard**

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." See 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false." See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

**B.     Petitioner's Claims**

In his petition, petitioner argues the BPH's 2006 decision to deny parole violated petitioner's due process rights, for the reason that the BPH's decision and findings are not supported by evidence in the record. In particular, petitioner argues, there is no evidence in the record to support a finding that petitioner's parole plans were insufficient (see id. at

12:10-11), that petitioner's commitment offense makes him a current unreasonable risk to society (see id. at 14:7-9), that petitioner requires additional therapy (see id. at 15:22-23), that petitioner has a history of violent behavior (see id. at 18:8-9), or that any past violent behavior makes petitioner a current unreasonable risk to society (see id. at 18:9-10.)

Petitioner further argues that his continued confinement violates his right to be free from cruel and unusual punishment, for the reason that petitioner has been a "model prisoner" for 29 years and poses no "unreasonable risk" to society. (See id. at 25:10-14.)

The Court cannot say, from the face of the pleadings, that the claims alleged by petitioner are vague, conclusory, palpably incredible, or patently frivolous or false. Consequently, respondent will be directed to file a response to the petition. Specifically, respondent will be directed to file either a motion to dismiss, if such a motion is warranted, or, alternatively, to file an answer, attaching thereto a copy of all portions of the state record relevant to a determination of the issues presented by the petition, as well as a supporting memorandum of points and authorities.

## CONCLUSION

In light of the foregoing:

1. The Clerk of the Court shall serve by certified mail a copy of this order, the Petition, and the Memorandum of Points and Authorities upon respondent and respondent's attorney, the Attorney General for the State of California.

2. Respondent shall file, within 30 days of the date of this order, either a motion to dismiss, noticed for hearing pursuant to Civil Local Rule 7-2, or an answer and supporting memorandum of points and authorities.

3. In the event respondent files an answer, petitioner may, within 30 days thereafter, file a traverse.

**IT IS SO ORDERED.**

Dated: April 6, 2009

MAXINE M. CHESNEY
United States District Judge